**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Bright,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W Colvin,<br><br>                Defendant. | No. CV-13-08087-PCT-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff James Bright seeks judicial review of the Commissioner's decision finding him not disabled. Doc. 13. For the reasons that follow, the Court will deny Plaintiff's motion.

**I.  Background.**

Plaintiff applied for disability insurance benefits and supplemental security income on December 2, 2009, alleging disability beginning October 1, 2008. Doc. 11 at 130-143. A hearing was held on March 29, 2012,[1] and the Administrative Law Judge ("ALJ") denied Plaintiff's application on April 26, 2012. Doc. 11 at 71-78. Requests for review were denied by the Social Security Administration and the Office of Disability Adjudication and Review, at which time the ALJ's opinion became the Commissioner's final decision. Doc. 13 at 3.

---

[1] The hearing transcript is dated March 29, 2013. Doc. 11 at 36. It is the Commissioner's assertion and this Court's understanding that this was a scrivener's error and that the hearing was held in 2012, prior to issuance of the Commissioner's April 2012 decision. Doc. 19 at 7 n. 2.

## II. Legal Standard.

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). It is the ALJ and "not the reviewing court [that] must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney on Behalf of Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *see also Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990) (holding that if there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination).

Determining whether a claimant is disabled involves a sequential five-step evaluation. The claimant must show (1) he is not currently engaged in substantial gainful employment, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. If at any step the Commissioner determines that a claimant is or is not disabled, the analysis ends; otherwise it proceeds to step five. If the claimant establishes his burden through step four, the Commissioner bears the burden at step five of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).

## III. Analysis.

The ALJ found that Plaintiff had not engaged in substantial gainful employment since October 1, 2008, and that he has severe impairments of obesity and low back pain

and non-severe mental impairments of paranoid schizophrenia and a history of alcohol abuse. Doc. 11 at 73. The ALJ found, however, that these impairments do not equal the severity of a listed impairment in 20 C.F.R. Part 404 and that his residual functional capacity ("RFC") does not preclude him from performing his past work as a waiter. *Id*. at 74-75. In so concluding, the ALJ found that Plaintiff was not disabled.

Plaintiff contends that the ALJ's decision is incorrect on two grounds, both related to Plaintiff's schizophrenia. First, Plaintiff argues that the ALJ misinterpreted evidence to his detriment. Doc. 13 at 2. Specifically, he argues the ALJ's decision to accord substantial weight to the opinions of Dr. Javine and the state medical consultant, Dr. Pereyra, was error. *Id*. at 4-6. Second, he argues that the ALJ rejected treating source opinion contrary to law and regulation. *Id*. at 2. Specifically, he asserts that the ALJ should not have discounted the opinion of nurse practitioner Williams. Scattered throughout both claims of error, Plaintiff argues that his Global Assessment of Functioning ("GAF") scores and assessments do not support the ALJ's findings.

**A.     Opinions of Drs. Javine and Pereyra.**

In evaluating medical opinions, an ALJ is directed to give greater weight to treating sources. 20 C.F.R. § 404.1527(c)(2). In this case, none of the physicians who offered medical opinions were treating physicians. Doc. 11 at 10. The ALJ nonetheless was tasked with weighing all medical opinions offered. In determining what weight to give to such opinions, the ALJ should give more weight to opinions from examining or treating doctors, and to medical opinions that are supportable, consistent with the record as a whole, or from a specialist in her area of specialty. 20 C.F.R. § 404.1527(c). The ALJ may also consider other facts including the source's understanding of the disability program and the extent to which she is familiar with other factors of the case. *Id*.

The ALJ gave "substantial weight" to the medical opinions of Dr. Javine, who examined the Plaintiff in 2010 and found that her paranoid schizophrenia would not "impose any limitations for 12 months." Doc. 11 at 281.[2] Plaintiff asserts this was error,

---

[2] Dr. Javine did not, as Plaintiff asserts, find that "there would be no impairment

- 3 -

in part because his GAF scores were relatively high during this period and an assessment during that time, therefore, was misrepresentative.  Doc. 13 at 5.

Even if it is true that Dr. Javine's examination occurred during a relatively stable time for Plaintiff, the Court cannot agree with Plaintiff that the ALJ "based his entire decision on the assessment of the one-time examiner." *Id*.  Rather, the ALJ accorded Dr. Javine's findings substantial weight in part because "the overall record supports these findings."  Doc. 11 at 77.  In addition to Dr. Javine's findings, the ALJ considered the symptoms noted in Plaintiff's medical records, including treatment notes from Mojave Mental Health where Plaintiff received treatment, the claimant's testimony and assertions, statements from Plaintiff's sister, his GAF scores over time, the opinion of Nurse Practitioner Williams, and the findings of a state agency medical consultant.  *Id*. at 76-77.  Although the ALJ gave different weight to evidence from different sources, the Court cannot conclude that he based his entire decision on Dr. Javine's 2010 evaluation.  Nevertheless, given that Dr. Javine's evaluation was the only evaluation offered by a physician who had physically examined Plaintiff, it was appropriate for the ALJ to accord Dr. Javine's opinion substantial weight.

The ALJ also considered the opinion of the state agency medical consultant, Dr. Pereyra.  The ALJ found this opinion to be "supported by the great weight of the evidence in the record," and therefore gave it substantial weight.  Doc. 11 at 77.  This also was not error.  Because the state agency medical consultant was not an examining or treating source, it was appropriate for the ALJ to accord the opinion substantial deference only if it aligned with the weight of the other evidence in the record.  The ALJ found that it did.  Dr. Pereyra's opinion comported with that of Dr. Javine, as well as with his medical records that the ALJ found show that "absent alcohol abuse, the claimant is mentally stable and functions well on his medication regime."  Doc. 11 at 77.  Dr. Pereyra's opinion also aligned with the opinion of Dr. Zuess, another state agency

---

lasting for the requisite 12 consecutive month."  Doc. 13 at 8.  Rather, he opined that the impairment would not impose any limitation lasting that long.

- 4 -

physician, who found that the Plaintiff's functional limitations were mild or non-existent. Doc. 11 at 293. The ALJ afforded appropriate weight to Dr. Pereyra's opinion.

### B.  Opinion of Nurse Practitioner Williams.

Plaintiff alleges that the ALJ erred in giving little weight to the opinion of Nurse Practitioner Sandra Williams because she was a treating source and her opinion should therefore have been given substantial weight under the regulations. Doc. 13 at 6. The court cannot agree.

Under the regulations, "[m]edical opinions are statements from physicians and psychologists *or other acceptable medical sources* that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2) (emphasis added). Social Security guidelines clarify that "only acceptable medical sources can provide medical opinions," and "only acceptable medical sources can be considered treating sources." SSR 06-03p, citing 20 C.F.R. § 1527(a(2) and 416.927(a)(2). Nurse Practitioners "are not acceptable medical sources." SSR 06-03p. The ALJ did not err in so finding.

Williams' opinion is still opinion evidence, as it is "based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p. But it was reasonable for the ALJ to find that it was not entitled to the substantial weight that an acceptable medical source opinion would receive, and to accord it little weight. Doc. 11 at 77. This is particularly true given the other reservations the ALJ expressed about Williams' opinion, including that it was not supported by the overall record (particularly the progress notes from Ms. Williams' employer, Mojave Mental Health),[3] as well as the fact that it did not

---

[3] Plaintiff asserts that Dr. Zuess' evaluation corroborates Ms. Williams' opinion. The Court does not agree. Dr. Zuess found that Plaintiff "has a good ability to remember and understand simple and detailed instructions as well as work place procedures" (Doc. 11 at 299), that he has a desire to work (*id*. at 295), and generally that his functional limitations were mild to non-existent (*id*. at 293).

- 5 -

address the impact of Plaintiff's alcohol abuse and noncompliance with medications.[4]  *Id*. The ALJ gave appropriate weight to Ms. Williams' opinion.

**IT IS ORDERED** that Plaintiff's motion (Doc. 13) is **denied**.  The Clerk shall terminate this action.

Dated this 19th day of December, 2013.

David G. Campbell
United States District Judge

---

[4] Dr. Javine's opinion, which the court accorded substantial weight, did take into account Plaintiff's problems with alcohol.  Doc. 11 at 275-79.